UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HOMETOWN AMERICA, LLC, HOMETOWN AMERICA MANAGEMENT, LLC, HOMETOWN OAKHILL, LLC, HOMETOWN OAK POINT I, LLC, and HOMETOWN OAK POINT II, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>STARNET INSURANCE COMPANY, GOTHAM INSURANCE COMPANY, and PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Defendants. | Civil No. 20-cv-10990-LTS |

ORDER ON PLAINTIFFS' MOTION TO REMAND (DOC. NO. 13)

October 7, 2020

SOROKIN, J.

Plaintiffs Hometown America, LLC, Hometown America Management, LLC, Hometown Oakhill, LLC, Hometown Oak Point I, LLC and Hometown Oak Point II, LLC (collectively "Hometown") commenced a civil action in Suffolk County, Massachusetts Superior Court against Defendants StarNet Insurance Company, Gotham Insurance Company, and Philadelphia Indemnity Insurance Company (collectively "Insurers") alleging violation of Insurers' obligations under insurance policies following a following lawsuit against Hometown.[1] Doc. No.

---

[1] That lawsuit is Craw v. Hometown America LLC, et al., No. 1:18-cv-12149 (D. Mass filed Oct. 15, 2018).

1 at 1–2.[2] Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. No. 1 at 2–3. Hometown then filed a motion to remand to state court, arguing that because the Washington State Investment Board ("WSIB"), a member of Plaintiff Hometown America LLC, is not a "citizen" of any state, the parties lack complete diversity. Doc. No. 15 at 2. In addition to remand, Hometown seeks costs and fees incurred as a result of the removal action. Id. Defendants argue that WSIB's citizenship is irrelevant for the purpose of diversity, or in the alternative, that WSIB is not a stateless entity whose presence would defeat complete diversity. Doc. No. 19 at 1–2.

After a hearing on this matter and careful review of the briefs, for the reasons set forth below, Hometown's Motion to Remand is ALLOWED IN PART.[3] The case will be remanded to state court and each side shall bear their own costs and fees.

I.   **BACKGROUND**

The remand motion turns entirely on whether complete diversity exists between the parties. Whether complete diversity exists depends on the status of one entity, WSIB, as explained below.

WSIB is a "second tier" member of Plaintiff Hometown America, LLC. Plaintiff Hometown America, LLC is a Delaware limited liability company with its principal place of

---

[2] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

[3] At the hearing on the remand motion, the Court inquired if it should invite the Washington State Attorney General and WSIB to state their positions on WSIB's citizenship. Defendants' counsel stated that the entity's own opinion was irrelevant (citing Univ of R.I. v. A.W. Chesterton Co., 2 F.3d 1200 (1st Cir. 1993)) and that the record was factually complete. Plaintiffs' counsel stated that his firm performs substantial legal work for WSIB, and that prior to filing this action in state court and filing a motion to remand, Plaintiffs' counsel consulted with WSIB and the Washington State Attorney General's office. Under these circumstances, the Court did not seek filings from WSIB or the Washington State Attorney General.

business in Illinois. Doc. No. 15 at 2. Hometown America, LLC's sole member is Hometown America Holdings, LLC, also a Delaware limited liability company with its principal place of business in Illinois. Id. Hometown America Holdings, LLC's members are Caldaza Capital Partners, LLC ("Caldaza") and Hometown Residential Manager, LLC, both Delaware limited liability companies with principal places of business in Illinois. Id. at 2–3. Hometown Residential Manager owns a 2% membership interest and Caldaza holds a 98% membership interest in Hometown America Holdings, LLC. Id. Calzada's members include WSIB, which holds a 98% membership interest in Caldaza. Id. Thus, WSIB has an indirect 96% interest in Plaintiff Hometown America, LLC. Id. The other members of Caldaza are Calzada Manager, LLC and Caldaza Partners, LLC. Doc. No. 15 at 3. The parties have provided no information on the citizenship of the members of these two LLCs, however, given the Court's resolution of the Motion, the Court requires no further information to resolve the jurisdictional dispute. Defendants, for diversity purposes, are citizens of Pennsylvania, Iowa, New York, and New Jersey. Doc. No. 1 at 2–3.  Thus, whether complete diversity exists turns on the citizenship, if any, of WSIB.

The Washington State Legislature created WSIB in 1981, pursuant to an Enabling Act in the Revised Code of Washington Title 43, to "exercise all the powers and perform all duties with respect to the investment of public trust and retirement funds." Wash. Rev. Code § 43.33A.010. Previously, these duties were performed by the State Finance Committee and had been so performed since at least 1965. See SHB 160, Washington State Legislature, Final 1980 Legislative Report, Regular Session at p. 34 (Doc. No. 15-7 at 6) ("[t]he authority to invest state trust and retirement funds is transferred from the State Finance Committee to a newly created State Investment Board"); 1977 Wash. Sess. Laws 904 (state finance committee and director of

retirement systems "shall provide for the investment of all funds of the Washington public employees' retirement system"); 1965 Wash. Sess. Laws 618 (noting that state patrol retirement board "shall authorize the state finance committee" to invest any surplus funds in "such bonds or other obligations as are authorized for the investment of the funds of the state employees' retirement system"). The Enabling Act does not establish WSIB as a public corporation, nor does it specifically call WSIB a state agency, which the state has done in other cases when creating new entities. See, e.g., Wash. Rev. Code § 28B.07.030 (establishing higher education facilities authority as a "public body corporate and politic, with perpetual corporate succession, constituting an agency of the state of Washington"). However, the Washington Attorney General has opined that WSIB is a state agency and its members are state employees subject to the state's Executive Conflict of Interest Act. See 1993 Wash. Op. Att'y Gen. No. 13 (Doc. No. 15-8 at 3–4). While formal opinions of the Washington Attorney General are not binding on courts, they are entitled to "considerable weight." Wash. Educ. Ass'n v. Smith, 638 P.2d 77, 80 (Wash. 1981). In addition, the Enabling Act requires that WSIB adopt rules pursuant to Wash. Rev. Code § 34.05, the state's Administrative Procedure Act, which regulates state agencies. See Wash. Rev. Code § 43.33A.110.

WSIB is made up of fifteen members: ten voting members and five nonvoting members. The voting members include elected state officials and individuals appointed by executive officials.[4] Wash. Rev. Code § 43.33A.020. The five nonvoting members are investment experts appointed by WSIB. Id. Terms of appointment (which range from two to three years) are

---

[4] The elected officials are the state treasurer, a member of the state house of representatives, and a member of the state senate. The other voting members are the director of the department of labor and industries, the director of the department of retirement systems, three individuals appointed by the governor and two individuals appointed by the superintendent of public instruction. See Wash. Rev. Code § 43.33A.020.

established by the Enabling Act; members may be reappointed or removed for cause by the authority that appointed them. Id. Board members' compensation is limited by statute: members who are public employees "shall serve without compensation but shall suffer no loss because of absence from their regular employment," while non-public employees may not receive more than fifty dollars per day spent conducting WSIB duties. See Wash. Rev. Code § 43.33A.050; Wash. Rev. Code § 43.03.240. WSIB is authorized to employ any necessary personnel, including but not limited to an executive director, investment officers, and a confidential secretary. Wash. Rev. Code § 43.33A.100. The executive director may be employed for a three-year term and a candidate for the position requires confirmation by the state finance committee, which is composed of the state treasurer, the lieutenant governor, and the governor. Id.; Wash. Rev. Code § 43.33.010. Once confirmed, the executive director may only be removed for cause. Wash. Rev. Code § 43.33A.100. WSIB determines compensation for personnel that it employs within limits set by statute. Id.

      WSIB is funded from the earnings of the funds it manages, "subject to legislative appropriation." Wash. Rev. Code § 43.33A.160. Operating expenses are paid out of an expense account managed by the state treasurer. Id. WSIB is entitled to create public corporations, LLCs, and limited partnerships. Wash. Rev. Code § 43.33A.200. This statute limits the liability of entities created by WSIB to the assets or properties of the entity, and it is the only statute parties cite to invoke an express prohibition on WSIB's ability to incur debts.[5] Notably, any public

---

[5] The specific language of the statute is as follows: "The liability of each entity created by the board is limited to the assets or properties of that entity. No creditor or other person has any right of action against the board, its members or employees, or the state of Washington on account of any debts, obligations, or liabilities of the entity." Wash. Rev. Code § 43.33A.200(1). This language does not limit WSIB's liability outside of when it operates through an entity.

corporation, LLC, or limited partnership created by WSIB has the "same immunity or exemption from taxation as that of the state." Wash. Rev. Code § 43.33A.200.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The party seeking removal (here, Defendants) bears the burden of establishing federal jurisdiction. Hertz Corp v. Friend, 559 U.S. 77, 96 (2010). "When federal subject matter jurisdiction is doubtful, those doubts should be resolved in favor of remand." Toglan v. Marriott Int'l, Inc., No. CA 10-10954-MLW, 2011 WL 3625270, at *2 (D. Mass. Aug. 15, 2011).

Defendants assert that the Court has original jurisdiction over this case under 28 U.S.C. § 1332, which provides for jurisdiction over cases where complete diversity of citizenship lies between the parties and the amount in controversy exceeds $75,000. A "State is not a 'citizen' for the purpose of diversity jurisdiction." Moor v. Cty. of Alameda, 411 U.S. 693, 717 (1973). Entities that are "alter egos" or "arms" of the state also lack citizenship; they are considered "stateless" and their presence will destroy complete diversity. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011); Univ of R.I. v. A.W. Chesterton Co., 2 F.3d 1200, 1202 (1st Cir. 1993). In the First Circuit, the citizenship of an LLC is "determined by the citizenship of all its members." D.B. Zwirn, 661 F.3d at 125 (quoting Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006)). Thus, if any member of an LLC party is "a stateless person, or an entity treated like a stateless person," the Court lacks diversity jurisdiction. Id. at 126.

### III. DISCUSSION

Defendants advance two arguments in support of jurisdiction and opposing remand. First, they contend that the citizenship of WSIB is irrelevant. Second, they contend that WSIB is a citizen of Washington. Plaintiffs dispute both contentions.

In Defendants' view, a federal court must disregard the citizenship of "nominal or formal parties" and WSIB is a nominal party because it will not be liable for damages. Doc. No. 19 at 3 (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)). The Court rejects this argument in the present context. The First Circuit has instructed that the Court must consider the citizenship of all members of an LLC when determining whether sufficient diversity exists to support the assertion of subject matter jurisdiction. See Pramco, 435 F.3d at 54.[6] Thus, WSIB's citizenship is relevant.

The second and dispositive issue is whether the State is "the real party in interest" notwithstanding WSIB's presence. Ne. Fed. Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988). Defendants contend it is not; rather, they argue that under an eight-factor test laid out by the First Circuit in University of Rhode Island v. A.W. Chesterton Co., WSIB is independent of the state as opposed to being an arm of it, which, in their view, results in the presence of complete diversity. Doc. No. 19 at 6 (citing Chesterton, 2 F.3d 1200, 1205 (1st Cir. 1993)). Plaintiffs make an initial preemptive response that WSIB's status as an unincorporated entity is sufficient to establish that WSIB lacks citizenship and destroys diversity without looking to Chesterton at all. Doc. No 15 at 9; Doc. No. 23 at 3–4. Concededly, WSIB is unincorporated and

---

[6] In any event, WSIB is not a nominal party. Indirectly, it owns 96% of Plaintiff Hometown America, LLC. Doc. No. 23 at 3; see Bishay v. Am. Arbitration Ass'n, 221 Fed. App'x 3, 4 (1st Cir. 2007) (defendant was not a nominal party where defendant had an interest in the outcome of litigation).

"most unincorporated state agencies and departments are readily recognizable as mere 'arms' or 'alter egos' of the State." Chesterton, 2 F.3d at 1203. However, the Court need not take up the issue of whether incorporation status is dispositive because application of the Chesterton factors leads the Court to conclude here that WSIB is an arm of the state.

In Chesterton, the First Circuit established eight criteria to determine whether an entity is an "arm" or "alter ego" of the state. These criteria are:

> whether the entity (1) performs an "essential" or "traditional" governmental function, as opposed to a nonessential or merely proprietary one; (2) exercises substantial autonomy over its internal operations; (3) enjoys meaningful access to, and control over, funds not appropriated from the State treasury; (4) possesses the status of a separate "public corporation"; (5) may sue and be sued in its own name; (6) can enter into contracts in its own name; (7) has been granted a state tax exemption on its property; or (8) has been expressly debarred from incurring debts in the State's name or behalf.

2 F.3d at 1205. The First Circuit's list is "illustrative" and "by no means exhaustive." Id. Outside of this list, the Court gives weight to the view of the Washington Attorney General. The Washington Attorney General's office has opined that WSIB "falls within [the State's] definition of an agency." Doc. No. 15-8 at 4. WSIB also must adopt rules following the state's Administrative Procedure Act. See Wash. Rev. Code § 43.33A.010. As "most unincorporated state agencies and departments are readily recognizable as mere 'arms' or 'alter egos' of the State," Chesterton, 2 F.3d at 1203, the Court will consider this information as favorable to a determination that WSIB is an arm of the state.

The Court now turns to the Chesterton factors. First, WSIB performs an essential or traditional governmental function because it controls the investments for the state's public employee retirement systems. The Enabling Act notes that WSIB is "necessary for . . . the support of the state government and its existing public institutions." Wash. Rev. Code § 43.33A.020, Notes of Effective Dates, 1981, c. 219. The State has traditionally controlled the

investment of public employee retirement funds; prior to WSIB's formation, the State Finance Committee performed this duty.

WSIB does not exercise substantial autonomy over its internal operations because all of its voting members are elected officials or appointed by the State of Washington's executive branch.[7] Even the Board's executive director cannot be appointed without the approval of state officials. Cf. Chesterton, 2 F.3d at 1207 (noting appointment scheme where ten of thirteen members were appointed by the governor is a "legislative design most courts routinely view as evidence of an entity's lack of independence from State control"). The less autonomy WSIB possesses, the more likely that it is an arm of the state. Univ. of Massachusetts Biologic Labs. v. CSL Behring AG, No. CV 16-11459-FDS, 2016 WL 6496436, at *4 (D. Mass. Nov. 1, 2016).

Financial autonomy is a crucial factor in the analysis and WSIB does not have meaningful access or control over funds. See Chesterton, 2 F.3d at 1210 n.15 ("courts generally agree on the primacy of the financial autonomy factor"); Ainsworth Aristocrat Int'l Party v. Tourism Co., 818 F.2d 1034, 1038 (1st Cir. 1987) (financial control is "crucial"). While WSIB is financed by earnings from the funds it manages, use of those funds is "subject to legislative appropriation" and any operating expenses must be paid out of an account managed by the state treasurer. Wash. Rev. Code § 43.33A.160. Simply put, WSIB, despite having a source of funds independent of tax revenue, cannot raise nor spend any of these funds without an appropriation from the legislature or the control of the state treasurer.[8] Executive and legislative control over

---

[7] While members of the board are removable for cause, several of the voting members hold their position solely by virtue of their office (state treasurer, elected representatives, director of the department of labor and industries, and the director of the department of retirement systems).

[8] At the hearing, Defendants' counsel asserted that no legislative appropriation is required and none is made. However, nothing in the record or in the law demonstrates that WSIB can spend without appropriation. The plain language of Wash. Rev. Code § 43.33A.160 states that WSIB shall be funded "subject to legislative appropriation." Further, when WSIB was created, the

funding suggests that an entity is an arm or alter ego of the state. Chesterton, 2 F.3d at 1210; United Carolina Bank v. Bd. of Regents, 665 F.2d 553, 558 (5th Cir. 1982) (finding entity was dependent on state where "source and use" of entity's funds were controlled by the state).

WSIB has been granted a state tax exemption, Wash. Rev. Code § 43.33A.200, and has not been expressly debarred from incurring debts in the state's name. While concededly WSIB can sue or be sued and can enter contracts in its own name, these factors alone are not determinative of independent status and may be outweighed by others.[9] See, e.g., Culebras Enters. Corp. v. Rios, 813 F.2d 506, 517 (1st Cir. 1987) (state conservation authority is an arm of the state notwithstanding power to sue and be sued where entity lacked financial independence); Kashani v. Purdue Univ., 813 F.2d 843, 847 (7th Cir. 1987) (university power to enter into contracts not conclusive of independent status). Considering together all of the factors, the Court concludes that WSIB lacks "the operational authority, discretion, and proprietary resources with which to function *independently* of the State." Chesterton, 2 F.3d at 1205 (emphasis original). WSIB is an arm of the State of Washington. Defendants have failed to bear their burden to demonstrate otherwise.

---

legislature specifically appropriated funds to cover initial costs. See SHB 160, Washington State Legislature, Final 1980 Legislative Report, Regular Session at p. 35 (Doc. No. 15-7 at 7) ("An appropriation of $5,000 is made to cover transition costs.").

[9] Plaintiffs' counsel stated at the hearing that WSIB is represented in litigation by the Washington State Attorney General or private lawyers appointed as Special Assistant Attorney Generals. For support, Plaintiffs cite two exhibits: a press release from the Washington State Office of the Attorney General announcing a suit "filed on WSIB's behalf by the Office of the Attorney General and the law firm of Coughlin Stoia Geller Rudman & Robbins LLP," and a letter from the Office of the Attorney General requesting proposals from private law firms willing to represent WSIB. See Doc. No. 23-2 at 2; Doc. No. 23-3 at 2–4. Counsel for Defendants pointed to WSIB v. Odebrecht S.A., 17-cv-8118, 2018 U.S. Dist. LEXIS 163356 (S.D.N.Y. Sep. 21, 2018) as a case where WSIB was a party but its private lawyers were not listed by the case reporter as Special Assistant Attorney Generals. On balance, this information lightly favors Plaintiffs' position because the case reporter carries little significance while Plaintiffs' exhibits suggest a longstanding uniform practice.

As an arm of the State of Washington, WSIB does not have citizenship within the meaning of the diversity statute. Its presence in the case as a member of Plaintiff Hometown America, LLC destroys complete diversity of citizenship between Plaintiffs and Defendants. Consequently, the Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1332, and it must be remanded to state court.

## IV.    COSTS AND FEES

In addition to remand, Hometown has requested an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). See Doc. No. 15 at 14–16. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Defendants' attempt to invoke diversity jurisdiction based on the belief that WSIB had independent citizenship was not objectively unreasonable, due to the complexity of the citizenship question and the lack of precedent. An award of costs and fees to Hometown is therefore inappropriate. This request is DENIED.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is ALLOWED IN PART. The clerk shall remand this matter to the Massachusetts Superior Court, Suffolk County, Business Litigation Session.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge